```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ELLEN DELGADO,

        Plaintiff,

v.                             Case No. 8:13-cv-2511-T-33TBM

COLLECTO, INC. D/B/A EOS/CCA,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Collecto, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. # 13), which was filed on November 7, 2013. Plaintiff Ellen Delgado filed a Response in Opposition (Doc. # 20) on November 26, 2013. With the benefit of oral argument, the Court grants the Motion to Dismiss.

## I.  **Background**

On September 30, 2013, Plaintiff Ellen Delgado lodged a putative class action Complaint against Collecto, Inc. alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55. The four-count Complaint is predicated upon Collecto's transmission of a debt collection letter to Delgado dated February 27, 2013.

Collecto filed an Answer on October 21, 2013. (Doc. # 4). On November 7, 2013, Collecto filed a Motion to Dismiss for

Lack of Jurisdiction (Doc. # 13) asserting that the action was rendered moot on November 6, 2013, when Collecto tendered to Delgado an offer of judgment under Rule 68, Fed. R. Civ. P., in the amount of $2,001.00. (Doc. # 13-1).  The offer of judgment, Collecto explains, offers full relief to Delgado because it exceeds her statutory maximum recovery, consents to a judgment being entered against Collecto, and provides for an award of fees and costs to Delgado.  Delgado rejected the offer of judgment.

Prior to responding to the Motion to Dismiss, Delgado filed a Motion for Leave to Amend the Complaint. (Doc. # 14). Therein, she indicated that she sought to file an amended complaint naming Allan McNeil as the class representative. This Court granted the Motion to Amend the Complaint on November 21, 2013, and in the same Order denied Collecto's Motion to Dismiss as moot. (Doc. # 15). Later that day, Collecto filed a Motion to Vacate the Order granting leave to amend the Complaint and denying the Motion to Dismiss. (Doc. # 16).  On November 22, 2013, the Court granted Collecto's Motion to Vacate and scheduled oral argument. (Doc. # 17). The Court is now called upon to address whether this action has been rendered moot by Collecto's offer of judgment to Delgado.

2

## II. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh

evidence outside the complaint. <u>Eaton</u>, 692 F.2d at 732.

### III. Mootness Doctrine

Article III of the United States Constitution limits the judicial authority of the federal court system to cases or controversies. <u>Fla. Wildlife Federation, Inc. v. S. Fla. Water Mgmt. Dist.</u>, 647 F.3d 1296, 1302 (11th Cir. 2011). "In turn, the case or controversy constraint imposes on federal courts a dual limitation known as justiciability. The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context." <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001).

The doctrine of mootness springs directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy. <u>Id.</u> Mootness can occur due to a change in circumstances or a change in the law. <u>Coral Springs St. Sys., Inc. v. City of Sunrise</u>, 371 F.3d 1320, 1328 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in the outcome, or a decision could no longer provide meaningful relief to the parties. <u>Troiano v. Supervisor of Elections in Palm Beach</u>

County, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004); Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1291 (11th Cir. 2004); Crown Media LLC v. Gwinnett County, Ga., 380 F.3d 1317, 1324 (11th Cir. 2004).

As noted by the Supreme Court, "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Ariz., 520 U.S. 43, 68 at n.22 (1997). Additionally, "the plaintiff generally must assert his own legal rights or interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Sims v. State of Fla. Dep't of Highway Safety & Motor Vehicles, 862 F.2d 1449, 1468 (11th Cir. 1989).

**IV.  Analysis**

After hearing from the parties, the Court determines that Delgado no longer maintains a personal stake in this action. The Rule 68 offer of judgment tendered by Collecto offered her full relief, and her counsel candidly conceded this point during oral argument.  Delgado asserts that this action is not moot because she represents a putative class of individuals who have been harmed by Collecto's alleged violations of the

5

FDCPA and FCCPA.  However, Delgado has yet to file a Motion for Class Certification.

In <u>Jeffrey M. Stein, D.D.S., M.S.D., P.A. v. Buccaneers Limited Partnership</u>, No. 8:13-cv-2136-T-23AEP, (M.D. Fla. Oct. 24, 2013), the court faced a similar quandary.  There, the plaintiffs filed a putative class action case claiming that the defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Prior to the filing of a motion for class certification, the defendant submitted offers of judgment to each individual plaintiff offering full relief and thereafter filed a Rule 12(b)(1), Fed. R. Civ. P., motion to dismiss predicated on the grounds of mootness.  The next day, the plaintiffs filed a motion for class certification.  The court denied the motion for class certification as "a hastily fashioned attempt to preserve a case or controversy" and granted the motion to dismiss.  In assessing whether the individual plaintiffs maintained a personal stake in the action after being served with offers of judgment, the court framed the issue as: "Does a 'case or controversy' within the meaning of Article III of the Constitution persist after the plaintiff unilaterally refuses an offer of judgment from the defendant to recover the maximum relief available under the law for the wrong alleged?"  The court answered that question

6

with a resounding "No."

This Court reaches the same conclusion and finds that Delgado's putative class action case was rendered moot when she was offered a full and complete judgment under Rule 68, Fed. R. Civ. P. In so holding, the Court follows the sound reasoning espoused in <u>Keim v. ADF MidAtlantic, LLC</u>, No. 12-80577, 2013 U.S. Dist. LEXIS 98373 (S.D. Fla. July 15, 2013). In <u>Keim</u>, the court opined:

> To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III. Here, Plaintiff no longer maintained a personal stake in this litigation when Defendants made their Rule 68 offer of judgment, and at that point, the case was neither certified as a class action nor was there a motion for class certification pending. This posture compels the Court to conclude that allowing this case to continue in federal court defies the limits on federal jurisdiction expressed in Article III.

<u>Id.</u> at *16-17.

The <u>Keim</u> court relied in part on <u>Genesis Healthcare v. Symczyk</u>, 133 S. Ct. 1523 (2013). There, the Court determined that a putative FLSA collective action became moot when the lone plaintiff was served with a Rule 68 offer of judgment:

> Article III, § 2, of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of

7

> litigants in actual controversies. In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.
>
> A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.

Id. at 1528 (internal citations and quotation marks omitted).

The Court recognizes that the Genesis decision was handed down in the context of a FLSA collection action, rather than a Rule 23 putative class action. However, the Court can see no reason to confine the Supreme Court's discussion of constitutional principals narrowly so as to encompass only FLSA cases, as Delgado suggests. Rather, the prudential doctrines of standing and mootness apply to all cases brought in this Article III Court with equal force.

The Court recognizes that it has a robust and unflagging duty to exercise jurisdiction over cases which are properly before it. However, the Court is also obliged to respect and abide by the Constitutional restraints placed on its

8

jurisdiction, such as the Article III case or controversy requirement. Balancing these important interests, the Court determines that Delgado's personal stake in this action was eliminated by Collecto's full and complete offer of judgment, and that such offer of judgment rendered Delgado's Complaint moot. The Court further finds that Delgado's purported interest in prosecuting this action on behalf of a putative class is insufficient to present an Article III case or controversy because her own standing was eviscerated before a motion for class certification was presented to the Court. Thus, the Court dismisses this action based on the lack of an Article III case or controversy after finding that the case is now moot.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Collecto, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. # 13) is **GRANTED.**

(2) This case is dismissed for lack of jurisdiction. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

9

Copies:   All Counsel and Parties of Record